**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-mc-00105-RM

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION,

    Petitioner,

v.

STATE OF COLORADO BOARD OF PHARMACY,
PATTY SALAZAR, EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF REGULATORY AGENCIES, and
APPRISS, INC.,

    Respondents.

---

**STATE RESPONDENTS' MOTION FOR LEAVE TO LODGE TANGIBLE EXHIBIT AS RESTRICTED-LEVEL 1 SUBMISSION**

---

    Respondents State of Colorado Board of Pharmacy and Patty Salazar, in her official capacity as Executive Director of the Colorado Department of Regulatory Agencies (herein, "State Respondents"), through their undersigned counsel, respectfully move under D.C. Colo. LCivR 7.2(c) for leave to lodge with the Court under a Level 1 Restriction the tangible exhibit to the Declaration of Justin Wipf.

    The above referenced exhibit contains the Excel files reflecting deidentified/pseudonymized data from the Colorado Prescription Drug Monitoring Program ("PDMP") for the prescription records of "Registrant #1" and "Registrant #2" being sought in the two administrative subpoenas at issue in this matter. Undersigned counsel has conferred with counsel for the parties concerning this request, and he is authorized to state the following: (1) the DEA opposes the submission to the Court of the referenced exhibit, but does not oppose the

sealing of the exhibit under a Level 1 Restriction, and, (2) third-party Respondent Appriss, Inc. does not oppose the submission under seal of the exhibit.

In support of this request, the State Respondents state as follows:

1. The Excel files contained in the flash drive that is attached as Exhibit 1 to the Wipf Declaration comprise more than 200,000 prescription records for controlled substances prescriptions filled by the two at-issue pharmacies from January 1, 2014 to November 9, 2019. The data files are being submitted in native, Excel format so as to permit the parties and the Court to sort, analyze, and cross-reference the data in ways that are not feasible if the data is frozen as a .pdf file. The data in these files has pseudonymized patient identities; however, the data still reflects the names of the prescribers who issued the prescriptions, as well as other details concerning the prescriptions.

2. Public disclosure of the identities of the prescribers whose prescriptions are listed in these data sets would allow pharmacists at the two subject pharmacies – Registrant #1 and Registrant #2 – to determine that those pharmacies are the targets of the subpoenas. Petitioner United States Department of Justice, Drug Enforcement Administration ("DEA") has submitted in this case that preventing the public disclosure of the identities of the targets of the subpoenas is necessary to the DEA's investigation. *See* Dkt. No. 1 at 4 & n.2; Dkt. No. 1-1 at 4, ¶ 9.

3. A Level 1 Restriction is the only practical means to ensure the secrecy of the identities of the target pharmacies while still facilitating the Court's review of this matter. A redacted submission that removes the names of the prescribers from the exhibit would prevent the Court from observing the data patterns that exist in the pseudonymized records or assessing the sufficiency of the records that the State Respondents have produced in response to the at-issue subpoenas. The State Respondents' declarations and legal arguments submitted

concurrently with this Motion reference the aggregated details from the data files contained in the Wipf Declaration exhibit. Absent an order from this Court sealing those data files, the confidential medical information in the files could be made publicly available.

**WHEREFORE**, the State Respondents respectfully request that the Court grant them leave to lodge with the Court the tangible Exhibit 1 to the Wipf Declaration under a Level 1 Restriction; specifically, a flash drive containing the Excel files of the PDMP records that are responsive to the two subpoenas at issue in this matter.

DATED at Denver, Colorado this 6th day of December, 2019.

        PHILIP J. WEISER
        Colorado Attorney General

        */s/ Christopher P. Beall*
        CHRISTOPHER P. BEALL
        Deputy Attorney General

        Pamela D. Jackson
        Krista F. Batchelder
        Robert C. Staley
        Colorado Department of Law
        1300 Broadway, 8th Floor
        Denver, Colorado 80203
        720-508-6413
        christopher.beall@coag.gov

CERTIFICATE OF SERVICE

This is to certify that on this 6th day of December, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Cory J. Skolnick
cskolnick@fbtlaw.com

Thomas C. Gleason
tgleason@fbtlaw.com

Kevin Traskos
Kevin.traskos@usdoj.gov

David Moskowitz
David.moskowitz@usdoj.gov

*/s/ Christopher P. Beall*
CHRISTOPHER P. BEALL
Deputy Attorney General

Pamela D. Jackson
Krista F. Batchelder
Robert C. Staley
Colorado Department of Law
1300 Broadway, 8th Floor
Denver, Colorado 80203
720-508-6413
christopher.beall@coag.gov