## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-mc-00105-RM

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT
ADMINISTRATION,

     Petitioner,

v.

STATE OF COLORADO BOARD OF PHARMACY,
PATTY SALAZAR, EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF
REGULATORY AGENCIES, and
APPRISS, INC.,

     Respondents.

---

## STATE RESPONDENTS' MOTION FOR SETTING
## OF EVIDENTIARY HEARING

---

Respondents State of Colorado Board of Pharmacy and Patty Salazar, in her official capacity as Executive Director of the Colorado Department of Regulatory Agencies (herein, "State Respondents"), through their undersigned counsel, respectfully move for the setting of an evidentiary hearing in conjunction with the Court's consideration of the petition by Petitioner United States Department of Justice, Drug Enforcement Administration (herein, "DEA") seeking enforcement of two administrative subpoenas issued by the DEA to the Colorado Prescription Drug Monitoring Program ("PDMP").

Undersigned counsel has conferred with counsel for the parties concerning this request, and he is authorized to state the following:  (1) the DEA currently opposes the setting of an evidentiary hearing in this matter but reserves the right to change its position on the need for an evidentiary hearing once the agency has had an opportunity to review the State Respondents'

opposition brief, and, (2) third-party respondent Appriss, Inc. ("Appriss") has no objection to the request for an evidentiary hearing as long as Appriss will not be required to provide a corporate representative to appear at the hearing or provide testimony and does not waive its right to object to any such request.

In support of this request, the State Respondents state as follows:

1.     As framed by the State Respondent's submissions today, the dispute in this case is exceedingly narrow: whether, under the Fourth Amendment, the DEA should obtain more than 14,000 patient names (and other identifying information) as part of the production of more than 200,000 prescription records from the PDMP database for the two at-issue pharmacies.

2.     In the request for nearly six years of PDMP data on these two pharmacies, the DEA supported its petition with a forty-four paragraph, twenty-page declaration from a Diversion Program Manager.  (Hamilton Declaration, Dkt. No. 1-1.)  Ms. Hamilton made numerous factual contentions concerning the DEA's need for patient identities, including, for example, that the PDMP's database is "narrowly tailored" (*id.* at 6, ¶ 19); that the PDMP's data on a patient's identity is necessary to facilitate the DEA's cross-referencing with individuals who are known to have died from an overdose (*id.* at 9, ¶ 27); and, that patient-identifying information is "necessary" to make the DEA's "automated analysis effective and comprehensive."  (*Id.* at 10, ¶ 30.)  Other unsupported assertions are scattered elsewhere throughout Ms. Hamilton's declaration.  (*E.g., id.* at 6-10.)

3.     Ms. Hamilton's declaration testimony in a cold, paper record has not been tested by cross-examination, nor have her assertions been exposed to any credibility determinations from this Court.  In a case such as this, where the privacy interests of more than 14,000 patients are at stake, involving more than 200,000 prescriptions (substantial portions of which have no

law enforcement significance), it would be a miscarriage of the Court's truth-seeking function were it to render its decision without an evidentiary hearing. *See, e.g.*, *F.T.C. v. Atl. Richfield Co.*, 567 F.2d 96, 106 n.22 (D.C. Cir. 1977) ("These subpoena enforcement proceedings must be adversarial in character and, as the Fifth Circuit noted, afford 'an adequate opportunity to raise all objections to (the) administrative subpoena.' *Atl. Richfield Co. v. F.T.C.*, 546 F.2d 646, 650 n.5 (1977), citing cases. Depending on the circumstances of the case, this adversary proceeding may take the form of an evidentiary hearing, oral arguments without the taking of evidence, or, as is doubtless the appropriate course in many applications for enforcement orders, consideration based on the papers submitted by the parties to the court."); *Sec. & Exch. Comm'n v. Marin*, No. 1:19-MC-20493-UU, 2019 WL 3430486, at *2 (S.D. Fla. May 31, 2019) (describing evidentiary hearing held in conjunction with request to enforce S.E.C. administrative subpoena).

4.      The State Respondents anticipate that the requested evidentiary hearing would be brief, with the declarations of both the Petitioner's and State Respondents' witnesses serving as those witnesses' direct testimony, to be supplemented by any additional direct testimony that might be made necessary by the briefing, and then cross-examination from either side.[1]

5.      Finally, in light of the significant public issues raised by the DEA's petition, a public hearing would serve a public interest by allowing the public to observe the Court's exercise of due process concerning this important matter.

**WHEREFORE**, the State Respondents respectfully request that the Court set an evidentiary hearing in this matter at the Court's convenience.

---

[1] The State Respondents concur with Appriss' view that no corporate witness from Appriss should be required for the requested evidentiary hearing, largely because the State Respondents believe Appriss is not a proper party to this proceeding and has no independent authority to release PDMP data without approval and direction from the State of Colorado.

DATED at Denver, Colorado this 6th day of December, 2019.


PHILIP J. WEISER
Colorado Attorney General


*/s/ Christopher P. Beall*
CHRISTOPHER P. BEALL
Deputy Attorney General

Pamela D. Jackson
Krista F. Batchelder
Robert C. Staley
Colorado Department of Law
1300 Broadway, 8th Floor
Denver, Colorado 80203
720-508-6413
christopher.beall@coag.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that  on this 6th day of December, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Cory J. Skolnick
cskolnick@fbtlaw.com

Thomas C. Gleason
tgleason@fbtlaw.com

Kevin Traskos
Kevin.traskos@usdoj.gov

David Moskowitz
David.moskowitz@usdoj.gov

*/s/ Christopher P. Beall*
CHRISTOPHER P. BEALL
Deputy Attorney General

Pamela D. Jackson
Krista F. Batchelder
Robert C. Staley
Colorado Department of Law
1300 Broadway, 8th Floor
Denver, Colorado 80203
720-508-6413
christopher.beall@coag.gov