**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Miscellaneous Action No. 19-mc-00105-RM

UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT
ADMINISTRATION,

      Petitioner,

v.

STATE OF COLORADO BOARD OF PHARMACY,
PATTY SALAZAR, EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT OF
REGULATORY AGENCIES, and
APPRISS, INC.,

      Respondents.

**RESPONSE BY THE DEA IN OPPOSITION TO THE STATE RESPONDENTS' MOTION FOR SETTING OF EVIDENTIARY HEARING**

The DEA hereby responds in opposition to the State Respondents' Motion for Setting of Evidentiary Hearing (ECF No. 20). In brief, the State Respondents (hereinafter "the State") have not met their heavy burden in this context to show a need for an evidentiary hearing.

**BACKGROUND**

In its motion for an evidentiary hearing, the State observes the dispute in this proceeding is "exceedingly narrow" ECF No. 20 at 2. In this proceeding, the DEA seeks to enforce administrative subpoenas seeking data on prescriptions for controlled substances, data that was reported to the State's Prescription Drug Monitoring Program ("PDMP") by two pharmacies that the DEA is investigating. The State's sole argument is that under the Fourth Amendment, it should not be required to comply with the administrative subpoenas because the information

sought is not reasonably relevant to the DEA's investigation; the State raises no other basis for its opposition to the subpoenas. ECF No. 18 at 6 (State opposition brief arguing that "the DEA must satisfy the Fourth Amendment's 'reasonable relevance' test for administrative subpoenas"), 31 n.9 (explaining that the State's arguments "do not rely on state law and are solely confined to the parties' rights and responsibilities under the Fourth Amendment"). In short, the dispute is not only narrow, but it involves only a single legal issue.

The State observes in its motion for an evidentiary hearing that the DEA supported its petition to enforce the administrative subpoenas with a detailed, sworn declaration describing the DEA's reasons for seeking the data that the pharmacies under investigation reported to the PDMP. ECF No. 20 at 2 (citing ECF No. 1-1, the declaration of Kerry Hamilton) (hereinafter "Hamilton declaration").

The State does not assert (or present any evidence) that the Hamilton declaration is inaccurate in any way. The State's motion seeking an evidentiary hearing was submitted after the State submitted its opposition to the petition, but the motion does not point to anything from the State's own filing (which was supported by declarations) that creates any factual dispute with the Hamilton declaration.

Nor does the State's motion for an evidentiary hearing point to any evidence of bad faith by DEA Program Manager Hamilton. For example, the State does not suggest that the DEA is not in fact investigating the two pharmacies under investigation or that the DEA is not authorized by law to conduct such an investigation.

Rather, the State recites two generalized reasons to support its request for an evidentiary hearing. First, it observes that the Hamilton declaration "has not been tested by cross-

examination, nor have her assertions been exposed to any credibility determination by this Court." ECF No. 20 at 2.  Second, the State argues that an evidentiary hearing "would serve a public interest by allowing the public to observe the Court's exercise of due process."  *Id.* at 3.

## ARGUMENT

**I.     In the context of a proceeding to enforce an administrative subpoena, the State has a heavy burden to support its request for an evidentiary hearing.**

The provision of the Controlled Substances Act on which the DEA brings this proceeding seeking enforcement of its administrative subpoenas does not expressly provide for an evidentiary hearing,  2 U.S.C. § 876(c).  The Tenth Circuit has not ruled on the standards that must be met by a party seeking an evidentiary hearing to contest enforcement of the subpoenas.[1]

In determining the standards that apply to a request for an evidentiary hearing in this kind of summary proceeding, this Court may consider recent precedent from the Supreme Court and Tenth Circuit on administrative subpoenas (called "summonses") issued by the IRS in its administrative investigations, because the Supreme Court has analogized the IRS's summons authority to the administrative subpoena of other federal agencies. *United States v. Powell*, 379 U.S. 48, 56–57 (1964) (citing *Oklahoma Press Publ'g Co. v. Walling,* 327 U.S. 186, 216 (1946) and *United States v. Morton Salt Co.,* 338 U.S. 632, 642-643 (1950)).  The right to an evidentiary hearing in those IRS summons enforcement proceedings may be greater, as the statute on which the IRS generally relies in seeking enforcement of its summonses, unlike 21 U.S.C. § 876(c),

---

[1]     In a recent case where a district court in the Tenth Circuit enforced DEA subpoenas under 21 U.S.C. § 876, *U.S. Dep't of Justice v. Utah Dep't of Commerce*, Case No. 2:16-cv-611-DN-DBP, 2017 WL 389868 (D. Utah July 27, 2017), a review of the docket indicates the district court granted enforcement of the DEA's administrative subpoenas after holding oral argument, but with no evidentiary hearing.

expressly provides for a "hearing." 26 U.S.C. § 7604(b). Even so, as explained below, cases from the IRS summons enforcement context illustrate the heavy burden the State faces here in seeking an evidentiary hearing.

The Supreme Court has explained that IRS summons enforcement proceedings should "be summary in nature" as they require the district court to make only a narrow determination:

> [S]ummons enforcement proceedings are to be summary in nature. The purpose of a summons is not to accuse, much less to adjudicate, but only to inquire. ... Accordingly, we long ago held that courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of oversee[ing] the [IRS's] determinations to investigate."

*United States v. Clarke*, 573 U.S. 248, 254 (2014) (internal citations and quotation marks omitted); *see also* 1946 Adv. Comm. Notes to Fed. R. Civ. P. 81 (noting the "summary determination desired" in proceedings to enforce administrative subpoenas issued by federal agencies); ECF No. 8 (order recognizing that Rule 81 "governs this summary proceeding").

In these enforcement proceedings, the agency has the initial burden to show that its request for information is in "good faith"—that is, that what it seeks is relevant to a lawful investigative purpose. *See United States v. Stuart*, 489 U.S. 353, 359 (1989) (defining "good faith" in the context of an IRS summons as meaning that the agency has "a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [agency's] possession, and that the administrative steps required by the [statute] have been followed"); *see also Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943) (holding that a district court had a "duty" to order production of evidence sought by the Department of Labor through an administrative subpoena where "[t]he evidence sought was not plainly incompetent or

4

irrelevant to any lawful purpose of the agency"). In short, the agency must identify some lawful investigative purpose for seeking the evidence.[2]

This initial burden on the agency to show that it has met this good faith standard is "slight" burden, which ordinarily is met by a sworn declaration. *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1182 (10th Cir. 2019) (noting the agency's "slight" burden and citing authorities that an affidavit is sufficient to make this showing); *accord Clarke*, 573 U.S. at 254–55 (the IRS can meet the good faith standard with a "simple affidavit").

Once the agency has met this initial burden, the party opposing the subpoena can seek an evidentiary hearing to rebut the agency's good faith by "mak[ing] a showing of facts that give rise to a plausible inference of improper motive." *Clarke*, 573 U.S. at 254 (explaining that "[n]aked allegations of improper purpose are not enough"); *id.* at 255-56 (reversing the Eleventh Circuit, which had set a lower evidentiary standard for parties seeking evidentiary hearings to cross-examine IRS officials to challenge IRS summonses). A party opposing a subpoena must present evidence to meet this standard, and may not obtain an evidentiary hearing by simply speculating that an affidavit provided by an agency employee might be undermined at a hearing in some way. Allowing mere speculation to justify a hearing would contradict the longstanding principle that "[e]very public officer is presumed to act in obedience to his duty, until the

---

[2] This minimal standard—that the agency must identify at least one proper purpose for the subpoena—was applied by the Supreme Court in *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310 (1985). In that case, the company (Tiffany) argued that the IRS had issued summonses to Tiffany not primarily to investigate Tiffany but principally to investigate Tiffany's clients. *Id.* at 317 n.5. The Court held that the district court had acted properly in denying Tiffany's request for an evidentiary hearing, and explained that "[e]ven if factually true, the central argument raised by Tiffany in the District Court—that the IRS's primary but not sole, interest was to investigate the licensees—did not provide a basis for quashing the summonses." *Id.* at 324 n.7.

contrary is shown." *Martin v. Mott,* 25 U.S. (12 Wheat.) 19, 33 (1827); *see also U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) (observing that "a presumption of regularity attaches to the actions of Government agencies").

This standard for seeking an evidentiary hearing to oppose an administrative subpoena—evidence sufficient to raise a plausible inference that the agency lacks good faith—imposes a "heavy burden" on a party seeking such a hearing. *See High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1194 (10th Cir. 2019) (observing that a company resisting an IRS administrative summons has a "heavy burden" to rebut the government's showing in a proceeding to enforce an IRS administrative summons) (internal quotation marks omitted); *id*. (explaining that this burden is not met where a party has not "'point[ed] to specific facts and circumstances plausibly raising an inference of bad faith'") (quoting *Clarke*, 573 U.S. at 254). Even where a party makes some other argument to object to the subpoena, the party's burden to present facts showing the need for an evidentiary hearing remains a "heavy one." *See High Desert Relief*, 917 F.3d at 1183 ("Regardless of the specific rebuttal argument made, the [party's] burden is a heavy one.") (internal citations omitted).

In *Clarke*, the Supreme Court explained that imposing a significant evidentiary burden on a party who seeks a hearing to oppose an IRS summons is necessary to avoid "turning every summons dispute into a fishing expedition for official wrongdoing." 573 U.S. at 254-55; *see also id.* (explaining that "we long ago held that courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of 'oversee[ing] the [IRS's] determinations to investigate" and "we have rejected rules that would 'thwart and defeat the [Service's] appropriate investigatory powers'") (internal quotation marks omitted). The Supreme

6

Court has similarly declined other attempts to add additional procedures to summons-enforcement proceedings where those additional procedures would "stultify the [agency's] every investigatory move" or "thwart and defeat the appropriate investigatory powers that Congress has placed in [the agency]." *Donaldson,* 400 U.S. 517, 531, 533 (1971) (declining to allow third parties to intervene in an IRS summons proceeding).

The Tenth Circuit has observed that when a district court in a summons-enforcement proceeding is faced with only conclusory allegations of bad faith by the investigating agency, the district court should resolve the enforcement proceeding "on the papers before it and without an evidentiary hearing." *United States. v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) (in an IRS summons enforcement proceeding, explaining that "[a]llegations supporting a 'bad faith' defense are … insufficient if conclusionary" and that when faced with such "conclusionary" allegations of bad faith "the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing").[3]

---

[3] As the legal support of its request for an evidentiary hearing, the State cites a footnote in a 1977 case from the D.C. Circuit for the proposition that summons enforcement proceedings "must be adversarial in character and … afford an adequate opportunity to raise all objections…." ECF No. 20 at 3 (citing *FTC v. Atl. Richfield Co.*, 567 F.2d 96 (D.C. Cir. 1977)). Here, the proceedings are adversarial, and the State has had an opportunity to raise objections and present declarations. Moreover, the footnote in that case merely acknowledged that there are appropriate circumstances to hold an evidentiary hearing; it also recognized that in many cases a ruling on the papers is appropriate. *See id.* at 106 n.22. The D.C. Circuit later clarified that an evidentiary hearing is "inappropriate in summary enforcement proceedings except in 'extraordinary circumstances'"—namely, where the party requesting has made an "adequate showing that the agency is acting in bad faith or for an improper purpose." *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1091 (D.C. Cir. 1992). The court also explained that "the agency's own appraisal of relevancy must be accepted so long as it is not 'obviously wrong.'" *Id.* at 1089. More recently, in *Clarke*, the Supreme Court observed that a summons enforcement proceeding is "adversarial" where the party receives notice "and may present argument and evidence," even where no evidentiary hearing is held. *Id.* at 253-54.

In sum: Under these standards, in a proceeding where a federal agency seeks summary enforcement of an administrative subpoena and meets, by declaration, its slight burden to show that the information sought is relevant to a lawful investigative purpose, a district court should not hold an evidentiary hearing unless the party opposing the subpoena has shown a need for a evidentiary hearing by making a sufficient factual showing that the agency's subpoenas are not issued in good faith.

**II.     The State has not met its heavy burden to justify an evidentiary hearing.**

Under these standards, the State has not met its heavy burden to show a need for an evidentiary hearing. In its motion for an evidentiary hearing, it identifies no evidence that warrants such a hearing, let alone made a sufficient "showing of facts that give rise to a plausible inference of improper motive." *Clarke*, 573 U.S. at 254. The State does not contend—even in a conclusory manner—that it meets this standard.

Moreover, the State acknowledges that the sole issue presented in this proceeding is not a broad challenge to the DEA's investigative authority, but a narrow legal issue. While its objection to the petition relies solely on the Fourth Amendment, the State's argument is simply that the DEA's requests do not satisfy the "reasonable relevance" standard. ECF No. 18 at 12. The State has not shown that an evidentiary hearing is necessary to determine whether this standard is met. *Cf. High Desert Relief*, 917 F.3d at 1190-91 (holding that where an IRS agent had provided an affidavit explaining how the summonses were relevant to the IRS investigation, the affidavit "satisfie[d] the IRS's 'slight' burden" and no evidentiary hearing was required).

Rather, the State states that it wishes to cross-examine the DEA's declarant, with no explanation other than the desire to test credibility or to offer the public a hearing. ECF No. 20

at 2-3. Under the standards set forth above, these arguments are insufficient. Indeed, even if there were a lower threshold for obtaining an evidentiary hearing, the State could not meet that lower threshold, as the State does not even identify a specific factual dispute or any specific evidence it wishes to present.

Finally, other reasons support not having an evidentiary hearing here. First, such a hearing might be inefficient, as the State's motion seeking the hearing identifies no specific topic or issue for the hearing but instead a generalized desire for cross-examination. ECF No. 20 at 2-3. Second, an evidentiary hearing could delay a decision on enforcement of the subpoena, and prompt enforcement is sought here so that the evidence may be used to advance ongoing investigations of pharmacy conduct that may involve violations of law that could cause public harm. *SEC v. First Sec. Bank of Utah, N.A.*, 447 F.2d 166, 168 (10th Cir. 1971) ("Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced."). Third, an evidentiary hearing could present a serious risk of unwarranted disclosure of a law enforcement investigation. As explained in the Petition, the two pharmacies under investigation have not been informed by the DEA that they are under investigation. ECF No. 1 at 4 n.2. Fourth, the undefined cross-examination the State seeks could raise cumbersome (but avoidable) collateral procedural issues. For example, such an examination could require frequent interruptions requiring the Court to take steps to resolve difficult issues of confidentiality and privilege, such as the law enforcement privilege. *Cf. United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (explaining that the law enforcement privilege addresses "harm to law enforcement efforts which might arise from public disclosure,"

and discussing the various review procedures required to resolve a claim of such privilege).  All these considerations further support a denial of the State's request for an evidentiary hearing.

## CONCLUSION

The State has not met its heavy burden to justify an evidentiary hearing in this summary proceeding.  The motion for a hearing should be denied.

Respectfully submitted this 27th day of December, 2019.

                                              JASON R. DUNN
                                              United States Attorney

                                              *s/ Kevin Traskos*
                                              Kevin Traskos
                                              David Moskowitz
                                              Assistant United States Attorneys
                                              1801 California Street, Suite 1600
                                              Denver, CO  80202
                                              Telephone:  303-454-0100
                                              Email:  kevin.traskos@usdoj.gov
                                              Email:  david.moskowitz@usdoj.gov

                                              Counsel for the U.S. Department of Justice,
                                              Drug Enforcement Administration

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following email addresses:

pam.jackson@coag.gov
Christopher.Beall@coag.gov
robby.staley@coag.gov
krista.batchelder@coag.gov

tgleason@fbtlaw.com
cskolnick@fbtlaw.com

sneel@aclu-co.org

*s/ Kevin Traskos*
Office of the U.S. Attorney